UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CINDY WILEY-HINES,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 5143 |
| | ) | |
| vs. | ) | |
| | ) | Judge Gottschall |
| **CITY OF CHICAGO,** | ) | Magistrate Judge Nolan |
| A Municipal Corporation; | ) | |
| Chicago Police Officer | ) | |
| **VITA ZADURA**, Star 12951; and | ) | |
| **TONACIA GRANADO**, Star 5091; | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4.     Plaintiff is a United States citizen, and a resident of Chicago, Illinois.

5.     Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.     The Defendant-Officers are sued in their individual capacities.

7.     The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8.     On November 20, 2005, at about 5:30 p.m., Plaintiff CINDY WILEY-HINES was a passenger in a 2006 Nissan SUV driven by her husband Michael Hines.

9. While Michael Hines was driving southbound at or near 100 North Austin Avenue, he was stopped by Defendant-Officers VITA ZADURA and TONACIA GRANADO.

10. After the vehicle was curbed, the Defendant-Officers approached the vehicle and told Michael Hines that he was stopped for the position of his license plate.

11. One of the Defendant-Officers asked Michael Hines for his drivers license.

12. Michael Hines produced his drivers license.

13. The Defendant-Officers returned to their police car.

14. Upon information and belief, one of the Defendant-Officers called for a Sergeant to come to the scene.

15. About 10 minutes later, Sergeant Charles Pasquinelli arrived on the scene.

16. The Defendant-Officers and Sergeant Pasquinelli approached Plaintiff's vehicle.

17. Michael Hines was ordered out of the vehicle.

18. Michael Hines exited the vehicle.

19. After Michael Hines exited the vehicle, he was told that his license was suspended. Michael Hines was handcuffed and told he was under arrest.

20. Michael Hines was placed in the back of a squad car.

21. Sergeant Pasquinelli told Plaintiff that she could drive the Nissan SUV to the 15th District police station, and then pick up Michael Hines upon his release.

22. Plaintiff got of the passenger's seat, and began to walk around the vehicle towards the driver's seat.

23. Before Plaintiff was able to get into the driver's seat, a female Defendant-Officer grabbed Plaintiff by her jacket and shoved her into the side of the vehicle.

24. The female Defendant-Officer told Plaintiff: "You are not going to drive the car."

25. The female Defendant-Officer pulled, pushed, and/or roughed up the Plaintiff, causing Plaintiff's back to hit the vehicle numerous times.

26. While this was occurring, the other Defendant-Officer watched and did nothing.

27. Sergeant Pasquinelli stepped between Plaintiff and the Defendant-Officer.

28. Sergeant Pasquinelli told the Defendant-Officer to "stand down."

29. Sergeant Pasquinelli ordered Plaintiff and the Defendant-Officer to get into their

respective vehicles.

30. Sergeant Pasquinelli allowed Plaintiff to drive the Nissan SUV to the police station to pick up Michael Hines upon his release.

31. After the incident, Plaintiff sought medical attention at St. James Hospital in Olympia Fields, Illinois.

32. Plaintiff was treated for a lumbar back contusion.

33. Plaintiff made a complaint about the incident to the Office of Professional Standards (CR# 309796).

34. As a direct and proximate result of the acts of the Defendant described above, Plaintiff has suffered and continues to suffer great damages including medical expenses, emotional distress, mental anguish and humiliation, physical pain and suffering, and other nonpecuniary losses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

35. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

36. The actions of the Defendant-Officer in seizing Plaintiff without any legal justification or probable cause, violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officer;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983, Excessive Force)

37. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

38. The actions of grabbing, pulling, pushing and yanking on Plaintiff violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of

excessive and unreasonable force.

WHEREFORE, Plaintiff ask that this Honorable Court:

a) Enter judgment against said Defendant-Officer;

b) Award compensatory and punitive damages to Plaintiff against said Defendant-Officer, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

39. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

40. While Plaintiff was subjected to excessive force as described above, one of the female Defendant-Officers had an opportunity to intervene, but chose not to intervene.

41. This Defendant-Officer was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officer;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

42. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

43. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

44. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY

OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street - Suite 1700
Chicago, Illinois 60602
(312) 795-9595